UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60148-CIV-JORDAN
MAGISTRATE JUDGE P.A. WHITE

MARVIN CARTER,                           :

      Plaintiff,                       :

v.                                       :     REPORT OF
                                               MAGISTRATE JUDGE
AL LAMBERTI, ET AL.,                     :

      Defendants.                      :
_____

The plaintiff Marvin Carter, currently incarcerated at the J.V. Conte Facility ("Conte"), has filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 9]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 5].

The plaintiff raised the identical claims in CASE NO. 08-60337-CIV-ALTONAGA. On May 9, 2008, Judge Altonaga issued an Order adopting the recommendation of the Report, dismissing the case without prejudice and granting permission for the plaintiff to file an amended complaint to cure the deficiencies noted in the Report. The Amended Complaint in the instant case is identical to the Complaint in CASE NO. 08-60337-CIV-ALTONAGA.[1]

The doctrine of res judicata prevents this Court from adjudicating this case. Pursuant to the doctrine of res judicata, which is also known as "claim preclusion," a final judgment on the

---

[1] Although CASE NO. 08-60337-CIV-ALTONAGA is a higher numbered case, the Complaint in that case (filed on March 12, 2008) was processed earlier because the Court did not have a complete copy of the Amended Complaint in the instant case until May 8, 2008. [See DE# 9].

merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11 Cir. 2003); In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11 Cir. 2001); Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11 Cir. 1999).  "[F]ederal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction." CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees, 327 F.3d 1309, 1316 (11 Cir. 2003). Res judicata acts as a bar "'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356-57 (11 Cir. 1998) (citation omitted). "[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted . . . in the earlier action . . . The underlying core of facts must be the same in both proceedings." In re Piper Aircraft Corp., 244 F.3d at 1298-1301 (internal quotations and citations omitted).

A claim will be barred by prior litigation if all four of the following elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action.  See Davila, 326 F.3d at 1187; Piper, 244 F.3d at 1296. "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies."  Piper, 244 F.3d at 1296.

All elements are present in this case.  The prior decision was rendered by this Court, a court of competent jurisdiction; there

was a final judgment on the merits; both cases involve the same parties; and both cases involve the same causes of action.

Based on the foregoing, the Court finds that the present action contain claims that were brought in CASE NO. 08-60337-CIV-ALTONAGA and, accordingly, this civil action should be barred on the basis of res judicata. The Court notes that Section 1915(e) dismissals are appropriate when it is clear on the face of the complaint that it is barred by res judicata; the court need not wait and see if the defense will be asserted in a defensive pleading. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 (11 Cir. 1990). It is abundantly clear in this case that res judicata would be an affirmative defense to the complaint and thus dismissal at this screening stage on this ground is entirely appropriate.

It is therefore recommended that this Complaint be dismissed on the basis of res judicata, and pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.[2]

It is so recommended at Miami, Florida, this 21st day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff still has an opportunity to file an amended complaint in CASE NO. 08-60337-CIV-ALTONAGA.

```
cc:   Marvin Carter, Pro Se
      No. 630600636
      Joseph V. Conte Facility
      P.O. Box 407016
      Ft. Lauderdale, FL 33340
```